12851

TURBEVILLE v. AVERY LUMBER CO.

(152 S. E., 439)

August, 1929.

*Messrs. Purdy & Bland,* and *L. E. Purdy,* for appellant,

*Messrs. Epps & Levy,* for respondent, 

March 11, 1930.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by the plaintiff, A. H. Turbeville, against Avery Lumber Company, defendant, was commenced in the Court of Common Pleas for Sumter County, April 15, 1929, for recovery of damages for personal injuries alleged to have been sustained by the plaintiff while in the employment of the defendant, resulting from a defective belt. Issues being joined, the case was tried before his Honor, Judge John S. Wilson, and a jury, at the July-August, 1929, term of Court of Common Pleas for said county, and resulted in a verdict for the plaintiff in the sum of $3,000.00, and from the entry of judgment thereon the defendant has appealed to this Court.

In appellant's exceptions several allegations of error are imputed to the trial Judge, but when the appeal was heard before this Court counsel for appellant abandoned all exceptions except those charging error in refusing to grant defendant's motion for direction of a verdict. The grounds upon which appellant contends the motion should have been granted, briefly stated, are as follows: There is no proof of actionable negligence on the part of the defendant; there is an absence of proof of any defect in the belt in question; it was the duty of the plaintiff to see that the belt was kept in proper condition; the plaintiff had knowledge of the condi-

tion of the belt and, continuing in the employment of the defendant after having such knowledge, assumed the risk which was incident to such employment, and there was no duty on the employer, the defendant, to warn the plaintiff of existing danger. The exceptions raise these questions. The same will be considered jointly and not separately.

The defendant is engaged in the business of the manufacture of lumber, with its plant located in the city of Sumter, this state, and at the time in question the plaintiff was employed by the defendant at its said plant. It clearly appears from the record in the case that on or about the 8th of November, 1928, while in the discharge of his duties at the plant, the plaintiff was injured, and that the injury occurred in the following manner: A feed belt, attached to a "planer and matcher" machine, and which was fastened together by means of "clipper hooks," broke at the point where it was so fastened, while the machine was in motion, and as a result one of the said clipper hooks was thrown some distance, striking the plaintiff in the nose and eye, causing him serious and painful injury and resulting in the loss of the sight of one eye. At the time the plaintiff was thus injured, he was some distance away from said planer and matcher machine, acting in the discharge of his duties. While there was some testimony from which it might be inferred that the plaintiff was the general superintendent of the entire plant and that it was incumbent upon him to keep in repair all of the machinery of the plant including the said planer and matcher machine, there was also testimony which tended to show that the plaintiff was superintendent of "production" only, and that he had nothing to do with keeping the machinery in repair; that such duty was devolved upon the man in charge of keeping the machinery, who was called the machinist; that while in the absence of the general manager he could be called upon to order parts when notified by the machinist, he had nothing to do with keeping the machinery in proper repair and condition; that such was not his duty.

As to the contention that there was no defect in the belt in question, there was testimony introduced to the effect that the use of clipper hooks was not the best means for holding the belt together; that when a belt is fastened together by means of clipper hooks when they pull apart, which may be expected to occur, the hooks or clips go flying through the air and must be expected to cause injury to any one whom they strike, especially so if they should strike a person in the face, as in this case. There was also testimony to the effect that it is better and safer to fasten belts used for such purposes by means of leather lacing, and, further, that if the belt involved in this case had been laced with leather there would not have been any metal clips to fly through the air, and hence the plaintiff would not have been injured. This is one reasonable inference to be drawn from the testimony. There was testimony given by Mr. Dunn, the president of the defendant company, to the effect that the belt broke either because it had too much strain on it or because it was worn out, from either of which facts the jury might reasonably draw the inference that the defendant was negligent, and that such negligence coupled with other acts of negligence on the part of the defendant shown by the record caused plaintiff's alleged injury. Mr. Dunn, the president of the defendant company, also testified that it was not the duty of the plaintiff to inspect the belt, and other witnesses testified to the effect that it was the custom of the defendant company to continue to use the belts as long as it could, and as a rule used them until they would break, so as to get all of the service out of them that was possible.

As to the contention of appellant that the plaintiff had knowledge of the condition of the belt, and that he should be held to have assumed the risk by continuing in the defendant's employment after acquiring such knowledge, we think under the testimony that question was properly submitted to the jury. It does not appear from the testimony that the plaintiff knew of the defect in the belt and

appreciated the danger. Certainly it cannot be successfully contended that the testimony shows conclusively that the plaintiff knew of the defect and appreciated the danger. Therefore it was the duty of the trial Judge to submit this question to the jury under proper instruction.

As to the question raised regarding the duty of the employer to warn the plaintiff, we deem it sufficient to state that it was a question of fact as to whether or not the plaintiff knew of the defect in the belt in question and appreciated the danger in connection with the same, while the master, the defendant company in the case at bar, was charged with such knowledge as a matter of law. According to the testimony of some of the witnesses in the case, it must necessarily be expected that when a belt is fastened together with clipper hooks, as the one involved in this case was, and breaks, it will break or will be likely to break where it is fastened together with these hooks, and that the hooks will likely go through the air with some force. The defendant was presumed to have this knowledge and was charged with such notice, and also was charged with the duty of apprising the plaintiff of this danger.

After a careful consideration of the entire record, we are satisfied that his Honor, the trial Judge, was right in overruling the defendant's motion for direction of a verdict.

The exceptions are overruled, and the judgment affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE, and STABLER concur.